IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ORLANDO MOROZOV                    *

         Plaintiff                 *

         vs.                       *
                                     CIVIL ACTION NO. MJG-10-1515
HOWARD COUNTY, MD, et al.          *

         Defendants                *

*        *        *        *       *        *        *        *        *

MEMORANDUM AND ORDER: MOTION TO DISMISS

     The Court has before it Defendant Jennifer Sarver's Motion

to Dismiss Second Amended Complaint [Document 26] and the

materials submitted relating thereto.   The Court finds a hearing

unnecessary.


I.   BACKGROUND[1]

     On April 15, 2008, Carlton Ruben Lucas ("Lucas"), an

employee of L&K Recovery, a repossession company, arrived at the

home of Plaintiff Orlando Morozov ("Morozov") to repossess a

Honda Accord (the "Vehicle") owned by Morozov.   Lucas sought to

act pursuant to Maryland Commercial Code § 9-609(b)(2)

permitting such a repossession if there would be no breach of

the peace.   However, the repossession did not proceed smoothly.

Morozov objected to the repossession and sought to move the

_____

[1]   The "facts" herein are as alleged by Plaintiff and are not
necessarily agreed upon by Defendants.

Vehicle, which was parked in his driveway.  Lucas tried,

unsuccessfully, to block the move with his tow truck.  Morozov

moved the Vehicle to another location in the area and returned

(presumably, on foot) to his home.

Meanwhile, Lucas called the Howard County Police

Department.  Defendant Officer Jennifer Sarver ("Officer

Sarver") and other Howard County police officers arrived on the

scene.  Lucas, falsely, told the officers that Morozov had

attempted to assault him by hitting him with the Vehicle.

Officer Sarver "insisted that Plaintiff tell her where the

Vehicle was located so that Lucas could tow the Vehicle."

Compl. ¶ 11.  Morozov refused to disclose the location of the

Vehicle.  When he refused, "Officer Sarver threatened Plaintiff

that unless Plaintiff told them where the Accord was, he would

be arrested for assault."  Compl. ¶ 12.  Morozov, again,

refused.  As a result, "the Officers arrested Plaintiff, placed

Plaintiff in their cruiser, and drove Plaintiff around the

neighborhood" until the vehicle was located[2]  Compl. ¶ 13.

---

[2]     The Complaint does not clearly specify that Officer Sarver
herself placed Morozov under arrest and into the cruiser, only
that Officer Sarver and other unidentified Howard County
officers collectively did so.  Yet, in his opposition to the
motion to dismiss, Morozov states that "[t]he Complaint alleges
that Officer Sarver used her police powers to threaten Mr.
Morozov with incarceration, then took him into custody in her
cruiser and drove him around the neighborhood until Plaintiff

Morozov then gave the officers the keys to the Vehicle and, presumably, Lucas accomplished the repossession.   At the time of the incident, there had been no determination that the repossession was appropriate or legally permissible.

Morozov was charged with the First and Second Degree Assault of Lucas.  On May 25, 2008, the first-degree assault charge was <u>nolle</u> <u>prosequied</u> and on August 19, 2008, the second-degree assault charge was <u>nolle</u> <u>prosequied</u>.


II.  <u>PROCEDURAL SETTING</u>

Morozov filed the initial Complaint in this matter on June 9, 2010 [Document 1] and the Amended Complaint [Document 2] the following day presenting claims against Howard County, Maryland ("the County"), Lucas, Officer Sarver and "Doe" defendants. The Court granted the County's dismissal motion.

Thereafter, Morozov filed the Second Amended Complaint [Document 24] (referred to herein as "the Complaint") asserting claims against Lucas and L&K Recovery for Malicious Prosecution (Count I) and Abuse of Process (Count II), and against Officer Sarver and the Doe Defendants for violations of his constitutional rights (Count III) and conspiracy to commit said violations (Count IV).

---

identified the Vehicle."  Opp'n 6.

By the instant motion, Officer Sarver seeks dismissal of all claims pending against her.

III. <u>DISCUSSION</u>

Morozov claims that Officer Sarver violated his right to be free of an unreasonable seizure of property and violated his substantive and procedural due process rights.  Officer Sarver seeks dismissal of the claims against her for failure to state a claim under Rule 12(b)(6) and on the ground that she is entitled to qualified immunity.

    A.   <u>Failure to State a Claim</u>

        1.   <u>Dismissal Standard</u>

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).  When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff.  However,

conclusory statements or a "formulaic recitation of the elements
of a cause of action" will not suffice.  Id.  A complaint must
allege sufficient facts to "cross 'the line between possibility
and plausibility of entitlement to relief.'"  Francis v.
Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly,
550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim
is "a context-specific task that requires the reviewing court to
draw on its judicial experience and common sense."  Id.  Thus,
if the well-pleaded facts contained within a complaint "do not
permit the court to infer more than the mere possibility of
misconduct, the complaint has alleged – but it has not shown –
that the pleader is entitled to relief."  Id. (quoting Ashcroft
v. Iqbal, 556 U.S. 662, 679 (2009)) (internal quotation marks
omitted).


2.  Plaintiff's Claims

Plaintiff erroneously entitles Count III as one asserting
"violations of 42 U.S.C. § 1983."  However, § 1983 is a
procedural provision that permits a suit against a person acting
under the color of law from depriving another of "any rights,
privileges, or immunities secured by the Constitution and laws."
Thus, Count III asserts claims for Officer Sarver's actions as a

state actor in violation of Plaintiff's Constitutional rights
guaranteed by the Fourth and Fourteenth Amendments through the
procedural mechanism of § 1983.

Under the Fourth Amendment, "[a] 'seizure' of property . .
. occurs when 'there is some meaningful interference with an
individual's possessory interests in that property.'" Soldal v.
Cook County, 506 U.S. 56, 61 (1992) (quoting United States v.
Jacobsen, 466 U.S. 109, 113 (1984)).  To prevail on a Fourteenth
Amendment substantive due process claim, plaintiffs must
demonstrate "1) that they had property or a property interest;
(2) that [the defendant] deprived them of this property or
property interest; and (3) that [the defendant]'s action falls
so far beyond the outer limits of legitimate governmental action
that no process could cure the deficiency." Sylvia Dev. Corp.
v. Calvert Cnty., 48 F.3d 810, 827 (4th Cir. 1995) (emphasis in
original).  To establish a claim for a violation of procedural
due process plaintiffs must show that "(1) they had property or
a property interest (2) of which [the defendant] deprived them
(3) without due process of law." Id. at 826.

3.   Adequacy of the Complaint

a.   Count III

Morozov alleges that he was "denied his rights under the Fourth and Fourteenth Amendments to due process and to be free of unreasonable searches and seizures."  Compl. ¶¶ 35, 43.  He alleges that the deprivation of his Constitutional rights occurred when Officer Sarver and other Howard County police officers aided Lucas's repossession of his Vehicle, thus converting the repossession from private to State action.

Morozov alleges that Officer Sarver herself demanded to know the location of the Vehicle, threatened to arrest Morozov for assault of Lucas unless he divulged the location of the Vehicle, and then personally participated in arresting Morozov, searching for the Vehicle, and repossessing the Vehicle.  This was all done without any official determination that the repossession was appropriate or legally permissible.

Possessory interest in a vehicle is sufficient to invoke the protection of the Fourth and Fourteenth Amendments, requiring advanced notice and a meaningful opportunity to be heard before governmental actors can interfere with such possession.  See Marcus v. McCollum, 394 F.3d 813, 819-23 (10th Cir. 2004) (reversing grant of summary judgment in favor of police officers on plaintiffs' § 1983 claim because plaintiffs

raised sufficient evidence of state involvement in private
party's repossession of a vehicle); see also Abbott v. Latshaw,
164 F.3d 141, 146 (3d Cir. 1998) (holding that the threat by a
constable to arrest plaintiff unless he handed over the vehicle
was enough to constitute state action and that a reasonable jury
could conclude that the plaintiff was entitled to notice and an
opportunity to be heard prior to having his vehicle seized as it
is not the officer's job to decide who is entitled to possession
of the vehicle); Barrett v. Harwood, 189 F.3d 297, 301-03 (2d
Cir. 1999) (explaining that as the plaintiffs had "sufficiently
established a property interest in the truck [it could not] be
taken by state action without notice and an opportunity to be
heard," although concluding that police officer did not actually
facilitate the repossession).

       "[T]he overarching lesson of the case law is that officers
may act to diffuse a volatile situation, but may not aid the
repossessor in such a way that the repossession would not have
occurred but for their assistance." Marcus, 394 F.3d at 818-19
(collecting cases). It is true that, as stated by the Tenth
Circuit, "this area of the law is particularly fact-sensitive,
so the circumstances must be examined in their totality." Id.
at 819 (internal quotation marks omitted). Nevertheless, on the
facts as alleged by Plaintiff, Morozov has plausibly alleged

that Officer Sarver's actions crossed the line from acting only
to keep the peace to affirmative intervention to aid the
repossessor.  Indeed, Plaintiff has alleged that Officer Sarver
threatened to arrest him if he did not tell her where the
Vehicle was located and, in fact, caused him to be arrested.
This, alone would be sufficient to make a plausible claim of
police participation.  See Harris v. City of Roseburg, 664 F.2d
1121, 1127 (9th Cir. 1981) (finding state action when debtor was
told to stop interfering with a repossession or he would go to
jail and debtor would have prevented the repossession if police
had not been there.)  Moreover, after the arrest and, thus,
after the peacekeeping function had been accomplished, Officer
Sarver kept Plaintiff in custody and forced him to assist in
locating the Vehicle and enable Lucas to effect the
repossession.

Accordingly, Morozov has alleged facts that, if accepted as
he contends, present a plausible claim that Officer Sarver did
more than act properly as a police officer, e.g., by simply
dealing with Lucas' allegation that Morozov had assaulted him.
Rather, Officer Sarver actively aided Lucas to effect the
repossession without any determination that the repossession was
appropriate or legally permissible.  Thus, there is a plausible
claim based upon a Fourth Amendment search and seizure claim.

9

Furthermore, while the pleading could be more precise,[3] there appears to be a plausible due process claim, at least for a substantive due process violation.  Officer Sarver argues that "since Mr. Morozov had an adequate post-deprivation remedy to regain possession of his car," he cannot allege a violation of procedural due process.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Sylvia Dev. Corp. v. Calvert Cnty., 48 F.3d 810, 827 (4th Cir. 1995).  However, if the conduct were pursuant to an established state procedure, post-deprivation remedies may not suffice.  Hudson. v. Palmer, 468 U.S. 517, 532 (1984).  This contention will be addressed in light of the evidence regarding whether Officer Sarver did, or did not, act in accordance with an established state procedure.  If she did, then there would not be a procedural due process claim.  On the other hand, evidence that she violated an established police procedure might be relevant to Plaintiff's search and seizure claims and/or Officer Sarver's good faith.

Accordingly, the claims in Count III against Officer Sarver shall not be dismissed for failure to state a claim.

---

[3]   The Court finds that no purpose will be served by requiring an amendment.

b.   <u>Count IV</u>

In Count IV, Morozov asserts a claim for "violations of 42 U.S.C. § 1983 – conspiracy."

The Complaint is devoid of conspiracy related allegations – there is not even a conclusory allegation that there was a conspiracy or any specific allegations as to who were the alleged conspirators.  In any event, it is well established that – at least absent a specific statutory or other authoritative basis – there is no freestanding tort of conspiracy.  For example, as stated in <u>Alleco Inc. v. Harry & Jeanette Weinberg Foundation, Inc.</u>, 665 A.2d 1038, 1045 (Md. 1995), the Maryland Court of Appeals has "consistently held that 'conspiracy' is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff."

Accordingly, the Court shall dismiss all claims in Count IV.

c.   <u>Qualified Immunity</u>

Officer Sarver contends that she is entitled to qualified immunity for her actions.

The defense of qualified immunity is applicable "unless [the officer's] conduct violated clearly established statutory

or constitutional rights of which a reasonable person would have known." Anderson v. Creighton, 483 U.S. 635, 648 (1987).  "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 640.  The qualified immunity defense requires a two-step inquiry, first determining "whether plaintiffs have alleged facts setting forth valid claims for a deprivation of a constitutional right," and second, "considering whether a reasonable officer could have believed that his conduct was lawful." Williams v. Hansen, 326 F.3d 569, 574 (4th Cir. 2003).

The right to due process prior to the seizure of one's property is clearly established under the law, and seizures of property are subject to Fourth Amendment scrutiny. See Fuentes v. Shevin, 407 U.S. 67, 92 (1972) (holding that Florida and Pennsylvania prejudgment replevin statutes unconstitutionally deprived persons of property without due process of law because they denied the right to a prior opportunity to be heard before property was taken away); Soldal v. Cook Cnty., 506 U.S. 56, 61 (1992).  As discussed above, the Complaint contains sufficient allegations of constitutional violation to satisfy the first prong of the qualified immunity inquiry.

With respect to the second prong of the qualified immunity inquiry, it is true that the Fourth Circuit has not, itself, specifically considered whether a reasonable police officer could have believed that active involvement in a private vehicle repossession would be lawful.  However, it appears that the courts that have addressed the issue have held that "reasonable police officers should know from the established precedent of Fuentes that their role is not to be participants in property deprivations without notice and an opportunity to be heard." Abbott v. Latshaw, 164 F.3d 141, 149 (3d Cir. 1998).  Indeed, as stated by the Tenth Circuit, "the overarching lesson of the case law is that officers may act to diffuse a volatile situation, but may not aid the repossessor in such a way that the repossession would not have occurred but for their assistance." Marcus v. McCollum, 394 F.3d 813, 818-19 (10th Cir. 2004).

It is possible that the evidence – as distinct from the allegations in the Complaint – could present a valid qualified immunity claim on behalf of Office Sarver.  However, on the current record, Officer Sarver is not entitled to dismissal of the claims against her by virtue of qualified immunity.

IV.   <u>CONCLUSION</u>

For the foregoing reasons:

1.   Defendant Jennifer Sarver's Motion to Dismiss the Second Amended Complaint [Document 26] is GRANTED IN PART.

2.   The Court hereby dismisses all claims in Count IV.

3.   The claims in Count III remain pending

4.   Plaintiff shall arrange a telephone conference with counsel to be held prior to June 24, 2012, to discuss the scheduling of further proceedings herein.

SO ORDERED, on <u>Tuesday, June 5, 2012</u>

_____/s/___   ___ _____
          Marvin J. Garbis
     United States District Judge